Motion to Dismiss.
The opinion of the. Court was delivered by
Pociié, J.
Appellee moves to dismiss this appeal on tlie ground that tlie amount, in dispute does not exceed one thousand dollars. The object of the suit is to eject defendant from the possession of a saw mill and appurtenances which he had leased from plaintiff for a term of three years from the first of January, 1830, and for the use of which he. had agreed, in a written lease, to pay to the lessor the annual rental consisting of a sum equal to one-half of the net profits made hy him in running said mill, “payments to he made as often as practicable during each year.”
As the suit involves no money demand, the pecuniary amount in dispute is the value of the unexpired term of the lease, that for the time to ran from the 18th of September, 1880, on which the demand of possession was first made, to the 31st of December, 1882.
*8 Plaintiff swears that the rent of his mill is worth $200 a month, and his testimony on that point is not contradicted. A statement of accounts made out by defendant himself, shows that the portion of pnofits accrued for the account of, and paid by him to defendant, from January 1st, 1880, to the 7th of August following, amounted to $921.59, or some $115 a month, and that monthly rental for the unexpired term of the lease, would foot up a sum far in excess of one thousand dollars. Hence it is clear that we have jurisdiction in the premises, and the motion to dismiss is, therefore, overruled. Ellis, et al. vs. Silverstein, 26 A. 47.
On this Merits.
It appears that the ground on which plaintiff rests his right to eject the defendant, is the latter’s refusal to pay him the sum of $53.86, as the balance due him on his proportion of the profits realized up to the 7th of August, 1880. Defendant admits that he owes the sum of $53.86, as alleged by plaintiff, but denies that any demand was ever made on him for the same, and that he has ever refused payment thereof, which payment he avers to have tendered to plaintiff, who refused it.
The District Judge rendered judgment of non-suit against plaintiff, who appeals.
The testimony is decidedly conflicting, but the weight of evidence preponderates against plaintiff, who has failed to prove, to our satisfaction, that after due demand, defendant failed or refused to pay the balance claimed of him, and thus violated the terms of his contract.
Plaintiff swears positively that such a demand was made by him on September 7th, 1880, and that payment was refused by defendant, and his testimony is corroborated by another witness.
But his statements are as solemnly denied by defendant, who swears that no such demand was made on him on that day, and denies that he refused such payment on that or any other occasion, and states that he frequently tendered that amount to plaintiff, who refused the same, and stated that what he wanted was his mill, and his testimony is corroborated by three other witnesses.
Recognizing our embarrassment in concluding which set of conflicting witnesses should be believed, we adopt the conclusions of the District Judge, who heard and saw the witnesses testify, and had better opportunities of testing the. truth of their respective statements. Any doubt existing in the judicial mind, under the present circumstances, must be construed against plaintiff, who must not only make out a probable case, but must establish his demand with legal certainty.
But, admitting that the evidence had proven a failure or refusal on the part of the defendant to pay the balanee due to plaintiff, at the time *9 of Ms statement showing such balance to be due to plaintiff, wo cannot construe such refusal or failure of payment, as a passive violation of his lease, which provides that such payments were to be made as often as practicable, during the year, under which indefinite, and uncertain provision, it was incumbent on plaintiff to prove the happening of the practicable emergency rendering the payment absolutely due and exigible, and this he luis utterly failed to do. 6 A. 279 ; 30 A. 255.
Out conclusion is clear that he lias failed to make out liis case.
Tlie judgment appealed from is, therefore, affirmed, at appellant’s costs.